```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
ANGEL AGUSTIN ARGUETA ANARIBA,                                     :
                                                                   :
                              Petitioner,                          :
                                                                   :
              -v-                                                  :
                                                                   :
CHRISTOPHER SHANAHAN; SCOTT                                        :
MECHKOWSKI; JEH JOHNSON; and                                       :
LORETTA LYNCH, each in his/her official                            :
capacity,                                                          :
                                                                   :
                              Respondents.                         :
                                                                   :
------------------------------------------------------------------ X
```

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: October 18, 2016 |

16-cv-1928 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

The motion before this Court raises a single important question: whether petitioner had a right to be present at a bail hearing this Court ordered pursuant to Lora v. Shanahan, 804 F.3d 601 (2d Cir. 2015).[1]  The answer is yes.  Accordingly, the hearing regarding petitioner's bail application held on June 21, 2016, at which he was not present, was procedurally deficient.  This Court now orders that such a hearing be held within 20 days from the date of this order or he shall be immediately released from custody.

---

[1] Petitioner raises a second question – whether, even assuming procedural propriety of the hearing, the evidence supports continued detention.  As this Court finds the hearing was procedurally improper, it declines to address the second question.  Similarly, the Government asserts that this motion must be dismissed on the basis that petitioner has failed to exhaust his administrative remedies.  That argument also assumes the procedural propriety of the June 21 hearing.  As no procedurally proper Lora hearing has yet been held, that argument is without merit.  The Government has still not complied with the directives in this Court's June 2, 2016, opinion and order.  (ECF No. 10.)

I.      BACKGROUND TO THE INSTANT APPLICATION

The facts relating to petitioner's detention and the procedural history of this case are set forth in detail in this Court's Opinion & Order dated June 2, 2016. (ECF No. 10.)  The Court repeats only those facts necessary to establish the context of this motion.  The Court is primarily concerned with what occurred at the hearing held on June 21, 2016, and refers the reader to its prior decision for additional factual background.

Argueta is a native and citizen of Honduras who entered this country without authorization in 1998.  His criminal record has three relevant entries: He was arrested and charged with driving under the influence in 2001; he was convicted of making a terroristic threat in 2004; and he was convicted of aggravated assault while armed and carrying a dangerous weapon in 2008.  For the latter offense he was sentenced to 96 months imprisonment.

Argueta served his sentence without incident, and he was released from that sentence in December 2014.  He was transferred directly to the custody of the Department of Homeland Security ("DHS") and placed into removal proceedings. DHS charged Argueta with inadmissibility under two subparts of 8 U.S.C. § 1182: (a)(2)(A)(i)(I), which bans admission of an alien convicted of a crime involving moral turpitude; and (a)(6)(A)(i), which bans admission of an alien present in the United States without having been admitted or paroled.  DHS also determined that he was

subject to mandatory detention during removal proceedings pursuant to 8 U.S.C. § 1226(c).

Argueta contested his inadmissibility on crime-of-moral-turpitude grounds, but admitted his inadmissibility as an alien present without having been admitted or paroled.  However, he applied for Withholding of Removal and protection under the Convention Against Torture ("CAT").  On June 2, 2015, the Immigration Judge ("IJ") assigned to Argueta's case denied his application for relief in a written decision.  Argueta appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which upheld the IJ's decision and dismissed Argueta's appeal on October 8, 2015.  At that point Argueta's removal order became administratively final.  8 U.S.C. § 1101(a)(47)(B)(i).  He had been detained, to that point, for approximately ten months.

Argueta filed a Petition for Review of the BIA's decision before the Second Circuit on October 16, 2015.  He simultaneously filed a Motion for a Stay of Removal.  The government has opposed both Argueta's Petition for Review and his Motion for a Stay; both are currently pending before the Second Circuit.  This posture brings him within the "forbearance policy" in effect in the Second Circuit.  This policy, discussed further below, provides that U.S. Immigration and Customs Enforcement ("ICE") will not remove a detainee while judicial proceedings are pending.  See, e.g., In re Immigration Petitions for Review, 702 F.3d 160, 162 (2d Cir. 2012).

On December 21, 2015, Argueta filed a motion for a bond hearing, citing as authority the Second Circuit's October 28, 2015, decision in <u>Lora</u>.  His hearing was originally scheduled for January 20, 2016.  On December 29, 2015, Argueta filed a petition for U Nonimmigrant Status with United States Citizenship and Immigration Services ("USCIS").  A U visa is one set aside for victims of certain crimes who have suffered mental or physical abuse and provide assistance to investigations or prosecution of criminal activity.  Were Argueta to receive a U visa, he would be permitted to remain in the United States regardless of the outcome of his removal proceedings.  USCIS has determined that he is <u>prima facie</u> eligible for a U visa; however, USCIS regulations provide that applicants with a history of violent or dangerous crimes will receive a U visa only in extraordinary circumstances.  8 C.F.R. § 212.17(b)(2).  Argueta's petition is pending before USCIS.

On December 29, 2015, ICE commenced a Post-Order Custody Review ("POCR").  ICE issued a written Decision to Continue Detention on January 5, 2016, which briefly explained that the reasoning behind its decision was four-fold: Argueta's criminal history made him a risk to the well-being of the public; his lack of money, equities, or property in the United States made him a flight risk; his removal was expected in the reasonably foreseeable future; and he was an enforcement priority under a November 2014 directive of the Secretary of DHS.

The government failed to produce Argueta for his January 20, 2016, bond hearing.  They did produce him for the rescheduled hearing date on February 18, 2016.  The parties expressed their disagreement over Argueta's entitlement to a

4

bond hearing, and the IJ asked the parties to brief the issue. On March 15, 2016, the parties again met before the IJ, who ruled that he did not have jurisdiction to hold a bond hearing because, in his determination, Argueta was in custody pursuant to 8 U.S.C. § 1231, rather than 8 U.S.C. § 1226. The same day, Argueta filed the instant habeas petition challenging the IJ's ruling under 28 U.S.C. § 2241, which authorizes a district court to issue a writ to anyone in custody in violation of the Constitution or law or treaties of the United States.

On June 2, 2016, this Court found that petitioner qualified for a Lora hearing. A hearing was held on June 21, 2016. (ECF No. 21-1.) At the commencement of the hearing, counsel for petitioner objected to her client not being present. (Id. at 3.) A discussion ensued during which counsel for petitioner and the Immigration Law Judge ("ILJ") had the following exchange:

> Ms. Ostolaza: Well, Your Honor, he has a right to be present at the hearing.
> The Court: I agree.

(Id.) The Court then continued, "I believe he does have a right to be here. My preference is to have him here. How do you both want to proceed?" (Id. at 4.) Counsel for petitioner stated that she was willing to proceed without his presence unless the Court believed that the Government had carried its burden of demonstrating continued detention was appropriate; she expressed confidence that the evidence would not support such a showing. (Id.) She stated clearly that should the Court believe the Government had carried its burden, she would want to revisit

the question of the petitioner's presence. (Id.)  The Government expressed a desire to proceed. (Id.)

The hearing ensued.  The main thrust of the Government's argument was that continued detention was appropriate in light of petitioner's criminal history, and "given that he's spent the last – in recent years in detention, he can't show any type of rehabilitation" and that the status of his deportation proceedings made him a flight risk.  (Id. at 5.)  The Government did not present any additional evidence.  Counsel for petitioner discussed that a purpose of the American criminal justice system is to provide rehabilitation; and that the Government's argument either ignored this purpose or assumed total failure generally (the Government provided no proof as to petitioner specifically).  Counsel for petitioner then presented evidence that petitioner had not incurred any disciplinary infractions during his time in custody, and that his time in immigration custody was in all events not supposed to be punitive.  She also presented evidence that petitioner had a significant medical history that would impact his ability to pose an ongoing danger to the community.  (Id. at 6-7.)

The ILJ denied the bail application. (Id. at 12).

I.    LEGAL PRINCIPLES

Due process imposes constraints on governmental decisions that deprive individuals of liberty interests within the meaning of the Due Process Clause of the Fifth Amendment.  U.S. Const. amend. V; Mathews v. Eldridge, 424 U.S. 319, 333 (1976).  The right to be heard before suffering a serious loss "is a principle basic to

our society" and "specifically to its democratic commitment to 'fairness.'" U.S. v. Abuhamra, 389 F.3d 309, 322 (2d Cir. 2004) (quoting Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 168, 170 (1951) (Frankfurter, J., concurring)).

"Fairness of procedure [] is the essence of due process." Abuhamra, 389 F.3d at 22 (citing Joint Anti-Fascist Refugee Comm., 341 U.S. at 161). "[N]o person shall be deprived of his liberty without opportunity, at some time, to be heard." The Japanese Immigrant Case (Yamataya v. Fisher), 189 U.S. 86, 101 (1903). "Particularly where liberty is at stake, due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other." Abuhamra, 389 F.3d at 322.

The Supreme Court has held that even when a defendant "is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934).

"The Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful or unlawful, temporary or permanent." Lora, 804 F.3d at 613 (quoting Zadvydas v. Davis, 533 U.S. 678, 693 (2001)). It is well-settled that "the Fifth Amendment entitles aliens to due process in deportation proceedings." Reno v. Flores, 507 U.S. 292, 306 (1993). In Lora, the

7

Second Circuit held that "in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." 804 F.3d at 616.

II.  DISCUSSION

The Due Process Clause entitled the petitioner to be present at his bail hearing. He was not.  His lawyer timely objected.  There is no evidence in the record that the defendant himself waived his presence.  In light of the strong reliance the Court and Government gave to petitioner's assumed lack of rehabilitation (based largely on the nature of his prior crimes and his period of incarceration), it cannot be assumed that defendant's lack of presence was not prejudicial.

The <u>Lora</u> hearing – with the requisite due process – that that the Court ordered to occur before the end of June 2016 has not occurred.  There is no basis to assert a need for exhaustion of administrative remedies in such a circumstance.

III.  CONCLUSION

For the reasons set forth above, a <u>Lora</u> hearing shall be held at which petitioner is present (either physically or via video-conference) within 20 days.  If such hearing is not held pursuant to this Order, petitioner shall be immediately released from custody.

The Clerk of Court shall terminate the motion at ECF No. 12 and shall

terminate this action.

      SO ORDERED.

Dated:     New York, New York
             October 18, 2016

                                      KATHERINE B. FORREST
                                      United States District Judge